OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Williams.
[Cite as Disciplinary Counsel v. Williams (1993),     Ohio St.3d     .]
Attorneys at law -- Misconduct -- Permanent disbarment --
     Conviction for failure to report monetary transactions and
     structuring transactions to evade reporting requirements
     -- Participation in a money-laundering scheme.
     (No. 92-2537 -- Submitted February 2, 1993 -- Decided April 7, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-11.

On May 16, 1991, the United States District Court for the Northern District of Ohio entered a judgment of conviction against respondent, Farris E. Williams (Attorney Registration No. 0029147), in case No. 1:90CR0187, United States v. Williams. These proceedings arose from Williams's involvement in a scheme to "launder" proceeds from the sale of illegal drugs. On October 10, 1991, this court indefinitely suspended Williams from the practice of law pursuant to former Gov. Bar R. V(9)(a)(iii) (interim suspension for felony conviction). See In re Williams (1991), 62 Ohio St. 3d 1429, 578 N.E.2d 821. Subsequently, relator, Office of Disciplinary Counsel, filed a complaint charging Williams with violating DR 1-102(A)(3) (illegal conduct involving moral turpitude) and 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). The matter was heard before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") on July 31, 1992. The parties also filed extensive stipulations.

In 1988, the Internal Revenue Service ("IRS") commenced an undercover operation in which an IRS agent, posing as a drug dealer, purportedly sought to "launder" -- i.e., disguise the source of -- proceeds from illegal drug sales, thereby evading federal laws requiring that certain currency transactions be reported. The agent contacted Frank Coyle to arrange such a scheme. Coyle directed the agent to contact Williams's law partner, Ralph Jones.

Coyle arranged for the agent to give the illegal proceeds

to Jones. Coyle also established a brokerage account. Over time, Jones was to issue checks in various amounts to the brokerage account, and Coyle was to use the account to channel the funds back to the agent. Williams agreed with Jones to participate in the money laundering. By his own admission, Williams knew these transactions were illegal and believed the sums involved were fruits of crime.

On September 21, 1988, the agent gave Williams and Jones $50,000 to be laundered and an additional $5,000 as a fee for this service. Between September 21, 1988 and February 15, 1989, Williams wrote two checks, transferring $15,500 from the law firm's office account to the brokerage account. On May 3, 1989, the agent delivered another $50,000 to Williams and Jones to be laundered, along with a $7,500 fee.

On July 24, 1990, a federal grand jury indicted Williams, Jones, and Coyle for participating in the money-laundering scheme. On August 8, 1990, pursuant to a plea agreement, Williams pled guilty to one count of the indictment in exchange for the dismissal of the other counts against him. Pursuant to his plea, Williams was convicted of violating Section 5324(1), Title 31, U.S. Code (failure to report monetary transactions; structuring transactions to evade reporting requirements) in conjunction with Section 2, Title 18, U.S. Code (aiding and abetting). The court sentenced Williams to ten months' imprisonment, followed by two years' supervised release, and fined him $500.

Williams stipulated, and the panel found, that his participation in the money-laundering scheme violated DR 1-102(A)(3) and (4). However, the panel also noted the government's stipulation in the plea agreement that Williams was the least culpable participant in the scheme, rendered "substantial, timely, truthful and complete" cooperation with the government, and accepted responsibility for his crime. The panel recommended indefinite suspension, and the board concurred.

J. Warren Bettis, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.
Otha M. Jackson, for respondent.

Per Curiam. We concur in the board's findings, but we cannot follow its recommendation. Williams knowingly conspired to launder what he thought to be profits from illegal drug sales. Such conduct speaks for itself. Disbarment is the only appropriate sanction.

Accordingly, we order that Farris E. Williams be permanently disbarred from the practice of law in Ohio. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.